**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**Civil Action No: 3:26-cv-03829-MCR-ZCB**

ECKARD LAND & ACQUISITION, L.L.C.,
and
ECKARD EXPLORATION &
PRODUCTION, L.L.C.,

Plaintiffs,

v.

BRUCE COMPTON,

Defendant.
________________________________/

**PLAINTIFFS ECKARD LAND & ACQUISITION, L.L.C. AND ECKARD EXPLORATION & PRODUCTION, L.L.C'S STATUS REPORT**

Plaintiffs, Eckard Land & Acquisition, L.L.C. and Eckard Exploration & Production, L.L.C. ("Plaintiffs" or "Eckard"), by and through the undersigned counsel, provide this Status Report concerning the Texas court proceedings as directed by this Court's October 20, 2026 Order Staying Proceedings, ECF No. 32, (the "Order").

1. As of the filing of this Status Report, the interlocutory appellate proceedings concerning the Texas court's personal jurisdiction over FourSite have run their course. The Texas courts have concluded they do not have personal jurisdiction over FourSite.

2. As this Court noted in its Order, on August 18, 2026 the Fifth District Court of Appeals of Texas, in Appeal No. 05-25-01304-CV, reversed the trial court's order denying FourSite's motion to dismiss for lack of personal jurisdiction, and rendered judgment dismissing Plaintiffs' claims against Foursite for lack of personal jurisdiction.[1]

3. Plaintiffs' deadline to file a motion for rehearing in the Fifth District Court of Appeals of Texas was September 25, 2026. Plaintiffs did not file a motion for rehearing.

4. The time for Plaintiffs to seek review in the Texas Supreme Court has also now passed. Plaintiffs had until November 2, 2026, to file a petition for review of the Fifth District Court of Appeals' decision.[2] Plaintiffs did not file a petition for review.

5. Accordingly, Plaintiffs' appellate remedies with respect to the Texas court's personal jurisdiction over FourSite have been exhausted.

6. Because there is no petition for the Texas Supreme Court to review, Plaintiffs anticipate the Texas Supreme Court to close the proceeding administratively.

---

[1] The Fifth District Court of Appeal of Texas docket is electronically available at https://search.txcourts.gov/Case.aspx?cn=05-25-01304-CV&coa=coa05

[2] The Texas Supreme Court docket is electronically available at https://search.txcourts.gov/Case.aspx?cn=26-1111&coa=cossup

7. Likewise, because the time period for further review in the Supreme Court of Texas has passed, Plaintiffs anticipate that the Fifth District Court of Appeals will issue the mandate in connection with its August 18, 2026, Opinion shortly.

8. Upon direction from this Court, Plaintiffs will file a supplemental status report upon the issuance of the mandate from the Fifth District Court of Appeal of Texas.

Dated this 23rd day of November 2026.

*/s/Alan L. Goodman*
Alan L. Goodman
Fla. Bar No.: 936560
James T. Moore, Jr.
Fla. Bar No.: 70023
**GRAYROBINSON, P.A.**
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431
Tel: 561-405-4262
Email: Alan.goodman@gray-robinson.com
Tim.moore@gray-robinson.com
Holly.Webb@gray-robinson.com
*Counsel for Plaintiffs*

**SCHEEF & STONE, L.L.P.**
2600 Network Blvd., Suite 400
Frisco, TX 75034
(214) 472-2100 Telephone
(214) 472-2150 Telecopier

By: */s/ J. Mitchell Little*
J. Mitchell Little
State Bar No. 24043788
**Pro Hac Vice Granted**

mitch.little@solidcounsel.com

By: */s/ Logan C. Miller*
Logan C. Miller
State Bar No. 24126747
**Pro Hac Vice Granted**
logan.miller@solidcounsel.com

## CERTIFICATE OF SERVICE

I certify that on November 23, 2026, a true and correct copy of the foregoing was submitted to the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/Alan L. Goodman*
Alan L. Goodman